# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS MENDEZ,<br><br>          Petitioner,<br><br>    v.<br><br>RAYMOND MADDEN,<br><br>          Respondent. | Case No. CV 16-03637 JVS (AFM)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file and the Report and Recommendation of United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which petitioner has made objections.

Petitioner's objections raise three major points. First, petitioner contends that the evidence presented at trial was insufficient to support his conviction of second-degree murder under a theory of aiding and abetting. (Objections at 4-5.) It was not objectively unreasonable for the California Court of Appeal to conclude that the evidence presented at trial was sufficient for a reasonable jury to find aiding and abetting: Petitioner instigated the attack, was present when the shooter shot the victim, failed to take any steps to prevent the shooting, provided companionship to the shooter, chased after the victim's truck, and fled the scene with the shooter.

Petitioner also made false statements to investigators permitting an inference of consciousness of guilt. Although petitioner points out that there was no evidence of him providing, possessing, or shooting the gun, no such evidence was required under the prosecutor's theory of aiding and abetting. Moreover, although petitioner disputes whether the evidence established that he chased the victim's truck, an eyewitness testified that petitioner did chase the victim's truck for a minute after the shooter pulled out the gun.

Second, petitioner appears to contend that an erroneous instruction on felony murder given during his trial was not harmless. (Objections at 5-11.) It was not objectively unreasonable for the California Court of Appeal to conclude that the error in giving the felony murder instruction was harmless beyond a reasonable doubt because the jury had to have found that petitioner aided and abetted a murder under a valid theory of implied malice. By continuing to chase the victim after seeing the shooter pull out and brandish a gun, petitioner performed an act that is dangerous to life and did so knowing of the danger and with conscious disregard for life. Petitioner now appears to contend that under California law, such a theory of implied malice is improper for an aider and abettor, and that the jury should have been instructed it could find only express malice (i.e., intent to kill). Petitioner is incorrect. *See People v. Chun*, 45 Cal. 4th 1172, 1205 (2009) ("No juror could have found that defendant participated in this shooting, either as a shooter or as *an aider and abettor*, without also finding that defendant committed an act that is dangerous to life and did so knowing of the danger and with conscious disregard for life — which is a valid theory of malice.") (Emphasis added.)

Third, petitioner appears to claim that the use of implied malice as a theory of murder in California is unconstitutional in two respects. (Objections at 11-18.) Although this claim is unexhausted, "it is perfectly clear that [petitioner] does not raise even a colorable federal claim." *See Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005).

2

Petitioner's argument that implied malice is an invalid theory of murder is foreclosed by the fact that the Court is bound by the California Court of Appeal's conclusion that petitioner was convicted under a valid theory of murder as a matter of California law. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (state court's interpretation of state law binds a federal court on habeas review); *Wainwright v. Goode*, 464 U.S. 78, 84 (1983) ("[T]he views of the state's highest court with respect to state law are binding on the federal courts."). The Supreme Court "repeatedly has held that state courts are the ultimate expositors of state law," particularly criminal law. *See Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) (accepting as binding state court's construction of state homicide law); *see also Martin v. Ohio*, 480 U.S. 228, 232 (1987) (noting the "preeminent role of the States in preventing and dealing with crime and the reluctance of the Court to disturb a State's decision with respect to the definition of criminal conduct"); *Powell v. State of Texas*, 392 U.S. 514, 535-36 (1968) (defining the elements of a crime and defenses "has always been thought to be the province of the States"). "California courts have long held that malice may be implied where a defendant with a sufficiently culpable mental state does an act involving a high probability that death will result." *Mason v. Thurman*, 996 F.2d 1003, 1007 (9th Cir. 1993).

Petitioner's related argument that the doctrine of implied malice is unconstitutionally vague — because it does not provide adequate notice of when an act is performed with "conscious disregard for human life" — is meritless. The Ninth Circuit has rejected a similar argument. *See Masoner*, 996 F.2d at 1006-08 (rejecting vagueness challenge to jury instruction on implied malice). Moreover, the Supreme Court has commented: "As a general matter, we do not doubt the constitutionality of laws that call for the application of a qualitative standard such as 'substantial risk' to real-world conduct; 'the law is full of instances where a man's fate depends on his estimating rightly . . . some manner of degree.'" *Johnson v. United States*, 135 S. Ct. 2551, 2561 (quoting *Nash v. United States*, 229 U.S.

373, 377 (1913)).  The legal standard for implied malice used in petitioner's trial applied a qualitative standard to his real-world conduct and therefore was not unconstitutionally vague.

In sum, petitioner's objections are overruled.

IT THEREFORE IS ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; (2) petitioner's request for an evidentiary hearing is denied; and (3) Judgment shall be entered denying the Petition and dismissing the action with prejudice.

DATED: March 21, 2017

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

4